**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2167-16T2

URSULA CARGILL,

    Petitioner-Appellant,

v.

BOARD OF TRUSTEES OF THE
PUBLIC EMPLOYEES' RETIREMENT
SYSTEM,

    Respondent-Respondent.

_____

Argued August 29, 2018 — Decided September 6, 2018

Before Judges Alvarez and Gooden Brown.

On appeal from the Board of Trustees of the
Public Employees' Retirement System,
Department of Treasury, PERS No. 2-10-266853.

Samuel M. Gaylord argued the cause for
appellant (Gaylord Popp, LLC, attorneys;
Samuel M. Gaylord, on the brief).

Austin J. Edwards, Deputy Attorney General,
argued the cause for respondent (Gurbir S.
Grewal, Attorney General, attorney; Melissa H.
Raksa, Assistant Attorney General, of counsel;
Robert S. Garrison, Jr., Deputy Attorney
General, on the brief).

PER CURIAM

Ursula Cargill appeals from the December 15, 2016 final determination of the Board of Trustees (Board) of the Public Employees' Retirement System, finding she was not eligible for accidental disability retirement benefits. For the reasons that follow, we affirm.

Cargill, a long-time employee of the New Jersey Department of Education, was required to attend monthly managers' meetings. On February 9, 2010, an email was sent to those attending, changing the meeting time. The email stated that if adverse weather conditions continued into February 10, employees should check their email at 8:00 p.m. - or the next morning at the latest - to confirm the off-site meeting was neither cancelled nor postponed. At 4:22 p.m. on February 10, 2010, the meeting coordinator emailed those attending cancelling the meeting due to snow. Cargill testified that she did not receive the email and thus headed out from her home in the snow the morning of February 11, 2010. She hit ice less than half a mile away and slid off the road. In order to maneuver her car back onto the road, she pushed down on the rear bumper attempting to free the vehicle from a snow bank. When she straightened, she felt a twinge in her lower back, but drove on to the meeting site.

Cargill worked for approximately a year before the pain in her lower back required surgery. She stopped working the following

2

month, in March 2011, and applied for an accidental disability pension based on the incident.

The Board determined that Cargill was permanently disabled and qualified for ordinary disability - not accidental - based on its opinion that the incident was not undesigned and unexpected, two of the conditions required by Richardson,[1] and that, additionally, the incident could not trigger payment of accidental disability based on the "going and coming" rule. When Cargill appealed, the matter was transferred to the Office of Administrative Law as a contested case under the Administrative Procedure Act, N.J.S.A. 52:14B-1 to -31 and 52:14F-1.

The issues presented to the administrative law judge (ALJ) were whether the incident occurred during and as a result of Cargill's regular or assigned duties, and whether the alleged incident was undesigned and unexpected. Relying on Kasper v. Board of Trs. of the Teachers' Pension & Annuity Fund, 164 N.J. 564 (2000), the ALJ found Cargill ineligible for accidental disability because of the going and coming rule. When the incident occurred, Cargill had not reached her normal work location or the meeting site. She had neither signed in nor begun her usual work duties - as the ALJ said, she "had not completed her commute to

---

[1]  Richardson v. Board of Trs., 192 N.J. 189 (2007).

work."  He found as additional grounds that because the meeting had been cancelled, "Cargill was not authorized to travel to the location."

The ALJ also concluded the event was neither undesigned nor unexpected, as defined in Richardson. 192 N.J. at 201. Obviously, Cargill deliberately pushed on the bumper to free her vehicle, and a back sprain was within the realm of possible consequences.  It was neither extraordinary nor unusual.  He said:  "It can hardly be argued that a forty-six-year-old woman sustaining a strained back while attempting to dislodge a car from a snow bank is an extraordinary or unusual consequence."  Accordingly, the incident was not a "traumatic event pursuant to Richardson."  In its final decision, the Board adopted the ALJ's recommendations.

The ALJ's findings were supported by the record.  Cargill was on the way to work, and had not yet arrived at a work destination. Her argument that because she was going to a meeting site and was being compensated for the time is not convincing.  As we recently reiterated, in order "to qualify for accidental disability retirement benefits, an employee cannot merely be coming to, or going from work."  Mattia v. Bd. of Trs., Police & Firemen's Ret. Sys., ___ N.J. ___, ___ (2018) (slip op. at 9).  An employee must establish that he or she had completed his commute at the time of injury, and was performing a function connected to his work.  See

*id.* at 8-9. Cargill's injury occurred while she was on her way to work, or commuting, and was not causally connected to her work. Therefore, she is not entitled to accidental disability retirement benefits.

As the ALJ observed, if a person attempts to push or manipulate a vehicle off an icy patch, a known consequence is a back sprain. Thus, Cargill's proofs also failed to meet the Richardson standard. See Richardson, 192 N.J. at 201.

Our standard of review "of an agency's final decision is generally limited to a determination of whether the decision is arbitrary, capricious, or unreasonable or lacks fair support in the record." Caminiti v. Bd. of Trs., 431 N.J. Super. 1, 14 (App. Div. 2013) (citing Hemsey v. Bd. of Trs., Police & Firemen's Ret. Sys., 198 N.J. 215, 223 (2009)). Though we owe no deference to an agency's interpretation of legal precedent, the Board's decision in this instance is fully supported by Kasper and Richardson. It is not arbitrary, capricious, or unreasonable and is supported by sufficient credible evidence in the record. See In re Young, 202 N.J. 50, 70 (2010).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2167-16T2